**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XIYA QIAN, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| RYB EDUCATION, INC., YANLAI SHI and WEI PING, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Xiya Qian ("Plaintiff"), individually and on behalf of all other persons similarly situated, by her undersigned attorneys, for her complaint against Defendants, alleges the following based upon personal knowledge as to herself and her own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through her attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding RYB Education, Inc. ("RYB" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired RYB's American Depositary Receipts ("ADRs"): (1) pursuant and/or traceable to RYB's false and misleading Registration

Statement and Prospectus, issued in connection with the Company's initial public offering on or about September 27, 2017 (the "IPO" or the "Offering"); and/or (2) on the open market between September 27, 2017 and November 22, 2017, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

2.      RYB Education, Inc. offers educational services. The Company operates kindergarten and pre-schools. RYB Education provides training in a variety of subjects and languages, teacher recruitment, guidance, innovative learning, development of children, rating systems, parents consulting, and other services.

3.      Founded in 1998, the Company is headquartered in Beijing, People's Republic of China, and its stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "RYB."

4.      On or about September 27, 2017, the Company completed its IPO, issuing 7,800,000 shares and raising net proceeds of approximately $144,300,000.

5.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) RYB failed to establish safety policies to prevent sexual abuse from occurring at its schools; (ii) RYB's failure to remedy problems within its system exposed children to harm and unreasonable risk of harm while in the Company's care; and (iii) as a result of the foregoing, RYB securities traded at artificially inflated prices during the Class Period, and class members suffered significant losses and damages.

6.      On November 24, 2017, various news outlets reported that police have opened an investigation into RYB after numerous parents accused a RYB nursery of drugging and molesting their children. Beijing's education authority confirmed the police investigation in a statement. According to China's leading newspaper *Xinhua News Agency*, RYB has suspended multiple teachers at RYB Education New World after kindergarten students were "reportedly sexually molested, pierced by needles, given unidentified pills," and forced to undress and locked in a dark room. Parents reported that at least eight children have been abused at the school and that the children had given similar accounts with respect to their abuse.

7.      On this news, RYB's ADR price fell $10.28 per share, or over 38% from its previous closing price, to close at $16.45 per share on November 24, 2017.

8.      On the following day, several news outlets reported that Chinese police had detained teachers in connection with its RYB's child abuse inquiry.  According to police reports, one of the teachers was arrested after needle wounds were found on at least eight children aged 2 to 6 years at the kindergarten.  In a statement issued later that day, RYB announced it had fired the detained teachers, as well as the head of one of its kindergartens.

9.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. §78aa).

12.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as RYB's ADRs trade in the NYSE, located within this Judicial District.

13.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

14.     Plaintiff, as set forth in the attached Certification, acquired RYB securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

15.     Defendant RYB is headquartered in China, with principal executive offices located at 4/F, Nº29 Building, Fangguyuan Section 1, Fangzhuang, Fengtai District, Beijing 100078, People's Republic of China. RYB's ADRs trade on the NYSE under the ticker symbol "RYB."

16.     Defendant Yanlai Shi ("Shi") co-founded RYB and has served at all relevant times as the Company's Chief Executive Officer ("CEO") and Executive Director.

17.     Defendant Wei Ping ("Ping") has served at all relevant times as the Company's Chief Financial Officer ("CFO").

4

18.     The defendants referenced above in ¶¶ 16-17 are sometimes referred to herein as the "Individual Defendants."

19.     The Individual Defendants possessed the power and authority to control the contents of RYB's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

20.     RYB Education, Inc. offers educational services. The Company operates kindergarten and pre-schools. RYB Education provides training in a variety of subjects and languages, teacher recruitment, guidance, innovative learning, development of children, rating systems, parents consulting, and other services.

21.     On August 30, 2017, RYB filed a registration statement on Form F-1 with the SEC in connection with the IPO.  The registration statement was subsequently amended several times, with the final amended registration statement filed on Form F-1/A with the SEC on September 22, 2017 (collectively, the "Registration Statement").

22.     The Registration Statement contained a preliminary prospectus.   The final prospectus (the "Prospectus") was filed with the SEC on September 27, 1017.

23.     On September 26, 2017, the SEC declared the Registration Statement effective.

24.     On or about September 27, 2017, the Company completed its IPO, issuing 7,800,000 shares and raising net proceeds of approximately $144,300,000.

**Materially False and Misleading Statements Issued During the Class Period**

25.     The Class Period begins on September 27, 2017, when RYB filed its Prospectus with the SEC, which forms part of the Registration Statement.   In the Prospectus, the Company stated, in relevant part:

> Our education philosophy emphasizes the integration of classroom teaching, at-home education and social interactions, and focuses on building a solid foundation for children's continued growth. Our self-developed curriculum covers the principal fields of early childhood education throughout the growth stages of 0-6-year-old children. Leveraging our strong research and development capabilities, we have been able to consistently develop and deliver high-quality, age-appropriate curricula.
>
> *Our professional and high-quality teachers and principals* and, more importantly, our established system to effectively train, grow and retain teaching staff and management talents underpin our high-quality education services. Almost all of our teachers received professional training from colleges or other institutions in the areas of pedagogy, arts or language before joining us. *Candidates must also go through our stringent selection, training and certification process before they can teach in our network*. We provide our teachers with systematic and continuous training programs and career development opportunities.
>
> ***
>
> *We endeavor to provide a safe environment for children at our teaching facilities.* We apply stringent safety standards in the design and construction of our teaching facilities. *We have established and strictly implemented security and safety protocols.* Safety is an important factor in the evaluation scale we apply to the performance of our facility principals and our own management personnel, and we also take into consideration safety maintenance when deciding whether to renew a franchise agreement with a franchisee or to expand our cooperation with it.

*** 

On September 11, 1989, the MOE issued the Kindergarten Management Regulations, which took effect on February 1, 1990. The Kindergarten Management Regulations provide some basic principles for the establishment and management of kindergartens enrolling children aged three years and older, and call for local regulations following such principles. On the one hand, according to the Kindergarten Management Regulations, establishment of a kindergarten shall meet certain requirements, taking into consideration the following factors: (1) *safety and sanitary conditions of the locations and facilities*, (2) professional qualifications of the teaching and administrative staff, (3) financial capacity of the sponsors, and (4) procedures for approval by competent authorities. On the other hand, the Kindergarten Management Regulations set out provisions on the operation and management of a kindergarten, including: *(1) educational practice shall be suitable for the children's developments; (2) no corporal punishment is allowed;* (3) sanitation and hygiene rules and safety protection system shall be made and followed; and (4) financial management shall be enhanced to prevent inappropriate applications of the kindergarten funding. Any entity or person who violates the Kindergarten Management Regulations could be penalized by the MOE.

(Emphasis added.)

26.     The Registration Statement was signed by the Individual Defendants.

27.     The statements referenced in ¶¶ 25-26 were materially false and misleading because defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) RYB failed to establish safety policies to prevent sexual abuse from occurring at its schools; (ii) RYB's failure to remedy problems within its system exposed children to harm and unreasonable risk of harm while in the Company's care; and (iii) as a result of the foregoing, RYB securities traded at artificially inflated prices during the Class Period, and class members suffered significant losses and damages.

**The Truth Begins to Emerge**

28.     On November 24, 2017, various news outlets reported that police have opened an investigation into RYB after numerous parents accused a RYB nursery of drugging and molesting their children. Beijing's education authority confirmed the police investigation in a statement. According to China's leading newspaper *Xinhua News Agency*, RYB has suspended multiple teachers at RYB Education New World after kindergarten students were "reportedly sexually molested, pierced by needles, given unidentified pills," and forced to undress and locked in a dark room. Parents reported that at least eight children have been abused at the school and that the children had given similar accounts with respect to their abuse.

29.     On this news, ADR price fell $10.28 per share, or over 38% from its previous closing price, to close at $16.45 per share on November 24, 2017.

30.     On the following day, several news outlets reported that Chinese police had detained teachers in connection with its RYB's child abuse inquiry.  According to police reports, one of the teachers was arrested after needle wounds were found on at least eight children aged 2 to 6 years at the kindergarten.  In a statement issued later that day, RYB announced it had fired the detained teachers, as well as the head of one of its kindergartens.

31.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

32.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired RYB securities during the Class Period (the "Class"); and were damaged

upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

33.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, RYB securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by RYB or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

35.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of RYB;

- whether the Individual Defendants caused RYB to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of RYB securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

38.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- RYB  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold RYB securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

39.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

40.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

41.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

42.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

43.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and

other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of RYB securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire RYB securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

44.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for RYB securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about RYB's finances and business prospects.

45.      By virtue of their positions at RYB , defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

46.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers

12

and/or directors of RYB, the Individual Defendants had knowledge of the details of RYB's internal affairs.

47.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of RYB.   As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to RYB's businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of RYB securities was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning RYB's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired RYB securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

48.     During the Class Period, RYB securities were traded on an active and efficient market.   Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of RYB securities at prices artificially inflated by defendants' wrongful conduct.   Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.   At the time of the purchases and/or acquisitions by Plaintiff and the Class,

the true value of RYB securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of RYB securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

49.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

51.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.     During the Class Period, the Individual Defendants participated in the operation and management of RYB, and conducted and participated, directly and indirectly, in the conduct of RYB's business affairs.  Because of their senior positions, they knew the adverse non-public information about RYB's misstatement of income and expenses and false financial statements.

53.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to RYB's financial condition and results of operations, and to correct promptly any public statements issued by RYB which had become materially false or misleading.

54.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which RYB disseminated in the marketplace during the Class Period concerning RYB's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause RYB to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of RYB within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of RYB securities.

55.     Each of the Individual Defendants, therefore, acted as a controlling person of RYB.  By reason of their senior management positions and/or being directors of RYB, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, RYB to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of RYB and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

56.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by RYB.

## COUNT III

**(Violations of Section 11 of The Securities Act Against All Defendants)**

57.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

58.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Individual Defendants.

59.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

60.     RYB is the registrant for the IPO. Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

61.     As issuer of the shares, RYB is strictly liable to Plaintiff and the Class for the misstatements and omissions.

62.     None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

63.     By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

64.     Plaintiff acquired RYB securities pursuant and/or traceable to the Registration Statement for the IPO.

65.     Plaintiff and the Class have sustained damages. The value of RYB securities has declined substantially subsequent to and due to the Individual Defendants' violations.

## COUNT IV

**(Violations of Section 15 of The Securities Act Against the Individual Defendants)**

66.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

67.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

68.     Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of RYB within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause RYB to engage in the acts described herein.

69.     Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

70.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  November 27, 2017

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
J. Alexander Hood II
Hui M. Chang
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
          ahood@pomlaw.com
          hchang@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.   I, _____, make this declaration pursuant to

Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities

Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against RYB Education, Inc. ("RYB Education" or

the "Company")  and, authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire RYB Education securities at the direction of plaintiffs' counsel or in

order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or

acquired RYB Education securities during the class period, including providing testimony at deposition and

trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this

action.

5.   To the best of my current knowledge, the attached sheet lists all of my transactions in RYB

Education securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not

sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set

forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses

directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed   11/27/2017
　　　　　　　　**(Date)**


_____
**(Signature)**


_____
XiYa Qian
**(Type or Print Name)**

**RYB EDUCATION, INC. (RYB)**                                                    **Qian, Xiya**

## LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|------|------------------|------------------------|------------------------|
| 11/17/2017 | Purchase | 128 | $26.7000 |